UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMMAR INVESTMENTS, LLC, et al. | CIVIL ACTION |
| VERSUS | NO: 24-01835 |
| CENTURY SURETY COMPANY | SECTION: T (5) |

### **ORDER AND REASONS**

Before the Court is a Motion to Remand filed by Plaintiffs Ammar Investments LLC and Fouad & Faris, Inc. R. Doc. 5. Defendant Century Surety Company has filed a response in opposition. R. Doc. 7. Plaintiffs have filed a reply in support of their motion. R. Doc. 8. For the reasons set forth below, the Court will deny the Motion to Remand.

BACKGROUND

This suit arises from the Hurricane Ida claim of Plaintiffs for damage to certain property at 2986 River Road, Garyville, LA 70051 (the "Property") under Policy No. CCP 994206 (the "Policy"). R. Doc. 1-1. The Policy affords only Building coverage to the Property. The Policy does not afford Business Personal Property ("BPP") coverage to the Property. Plaintiffs instituted an original action against Defendant on August 15, 2023, in the 40th Judicial District Court for the Parish of St. John the Baptist. Defendant answered Plaintiffs' action on November 3, 2023. Under the Case Management Order applicable to Hurricane Ida cases, Plaintiffs were required to produce Initial Disclosures on July 15, 2024, which included information regarding the damages Plaintiffs

1

sought. After receipt of these disclosures, on July 23, 2024, Defendant removed this matter to the Eastern District of Louisiana, asserting that the damages identified by Plaintiffs exceed the amount in controversy required for federal subject matter jurisdiction based on diversity. Plaintiffs have moved for remand asserting the removal was untimely and that at the time of the removal, the amount in controversy did not exceed $75,000.

LAW and ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). A civil action that is otherwise removable based on diversity jurisdiction under § 1332(a), "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Subject matter jurisdiction must exist at the time of removal to federal court and be based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed ..."). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375,

2

377 (1994)). Thus, remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The Fifth Circuit has explained that the removal statute should be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Any doubt concerning the basis of jurisdiction should be resolved in favor of remand. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

The uncertainty regarding the amount in controversy arises in this case because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir.2003). In this Circuit, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy" is sufficient to meet the statutory requirements. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir .1993). The defendant satisfies its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely above $75,000," or (2) "setting forth facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support the finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir.1999) (citation omitted). "Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Davis v. State Farm Fire & Cas.*, Nos. 06-560, et al., 2006 WL 1581272, at *2 (E.D. La. June 7, 2006).

If the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. §1446(b)(3).

Plaintiffs have moved for remand asserting that the evidence attached to Defendant's Notice of Removal does not prove that Plaintiffs' damages exceed $75,000. Plaintiffs assert removal was based solely on Plaintiffs' representation in the Case Management Order Hurricane Disclosure. In that disclosure, Plaintiffs identified the following expenses: Roof - $29,600.00 and Generator - $13,083.94. The disclosure also noted: "Plaintiff will supplement upon receipt of additional documents." Plaintiffs argue that the total is not $42,683.94, but rather $36,683.94 minus the $6,000 deductible. Furthermore, assuming they could seek bad faith damages and attorney's fees, the amount, exclusive of interest and costs, would total $73,365.41. Plaintiffs assert they are seeking no damages other than what was listed in Section D of the Initial Disclosure, such that the Defendant has failed to carry its burden of proving the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs argue they were no longer seeking either the independent adjuster estimate or the BPP losses at the time of the removal based on their Initial Disclosure under the CMO.

Defendant, however, argues the contractual claim totals $74,359.59 when including the independent adjuster's estimate of $3,442.63, the roof repair and generator invoices, plus $34,233.02 in alleged BPP losses, less the policy deductible. With penalties and attorney fees, the

4

amount totals $154,350.69. Defendants further note that Plaintiffs have not stipulated that their damages do not exceed $75,000.00. Finally, Defendant avers that removal was timely under 28 U.S.C. §1446(b)(3) because it was filed within 30 days of the initial disclosure and within one year of Plaintiffs' suit.

At the time the suit was filed, Defendant asserts, there was not sufficient information to indicate the claim exceeded $75,000. Based on the adjuster's investigation and the Petition for Damages, the available evidence suggested that Plaintiffs claimed $31,675.65 in contractual damage under the Policy ($3,442.63 IA estimate plus $34,233.02 alleged BPP losses, less the Policy's $6,000 (2%) Windstorm or Hail Percentage Deductible). Plaintiffs' claim for extra-contractual penalties and attorney's fees would have only amounted to another $31,517.32 ($15,837.83 penalties and $15,679.49 attorney's fees). Thus, at the time the suit was filed, the total amount in controversy was at most $63,192.97; and as a result, the suit could not properly be removed.

Defendant, however, avers that it only discovered that the claim exceeded the jurisdictional limit of $75,000 upon the Initial Disclosure made on July 15, 2024, in which Plaintiffs listed the $29,600 roof repair estimate and the $13,083.94 generator invoice. Defendant contends these new documents indicated the amount in controversy now totaled $154,350.69, which clearly exceeds the $75,000 jurisdictional limitation. Because Defendant filed its Notice of Removal on July 23, 2024, the filing was within 30 days of receipt of the "other paper" indicating the amount in controversy exceeded $75,000 and within one year from Plaintiffs' August 15, 2023 filing of suit.

As such, Defendant maintains its removal of this action was timely under 28 U.S.C. §1446(b)(3).

This Court agrees. Although Plaintiffs make much of the fact that the Policy does not provide for BPP losses, and thus argue they are not seeking such compensation, Plaintiffs nevertheless provided estimates of BPP losses to the independent adjuster. Looking only at the BPP losses coupled with the adjuster's estimate, Defendant is correct that at the time of the filing of the suit the amount in controversy was less than $75,000. But when Plaintiffs, apparently for the first time, indicated in the initial disclosure that they were seeking damages for the roof and generator, Defendant was put on notice that the claim could possibly total more than $75,000. Even if the Court discounts the BPP losses, Plaintiffs' recovery potentially includes the amount put forth by the adjuster, $3,442.63, which when added to Plaintiffs' own calculation of the damages, $73,365.41, clearly exceeds the jurisdictional threshold. Plaintiffs make much of the Initial Disclosure and basically equate it to a stipulation that they were seeking only those damages and no other. However, the Court can discern no restriction in the Initial Disclosure that would so limit Plaintiffs' recovery. Accordingly, the Court will exercise diversity jurisdiction over this matter.

**IT IS ORDERED** that the Motion to Remand is DENIED.

New Orleans, Louisiana, this 18th day of March 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE